# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| **SHERIDAN BROCKMAN,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 1:20CV123 SNLJ |
| **EXPERIAN INFORMATION SOLUTIONS INC., et al.** | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

Plaintiff Sheridan Brockman filed this lawsuit against defendants Experian Information Solutions Inc. and Credit One Bank, N.A., alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.  Defendant Credit One has moved to compel arbitration.  Plaintiff has not responded to the motion, and the time for doing so has expired.

### I.     Factual Background

Plaintiff alleges that she responded to a written solicitation from Credit One for a pre-approved credit card.  Plaintiff claims that Credit One violated the Fair Credit Reporting Act ("FCRA") in connection with the account she opened with Credit One.  The back pages of the written solicitation for the pre-approved credit card included terms and conditions applicable to the credit card, including the following:

> ARBITRATION: You and we agree that either you or we may, without the other's consent, require that any dispute between you and us be submitted to mandatory, binding arbitration.  A more detailed description of this Arbitration Agreement will be sent with your card.

On March 9, 2015, plaintiff accepted the written solicitation and completed an online application, opening a credit card account ending in 9910.  Credit One mailed her the credit and enclosed the "Cardholder Agreement, Disclosure Statement and Arbitration Agreement" (the "Cardholder Agreement").   The Cardholder Agreement states

> **Arbitration Agreement**:  The Arbitration Agreement provided to you with this Agreement governs the enforcement by you and us of your and our legal rights under this Agreement.
>
> **ARBITRATION**
> PLEASE READ THIS PROVISION OF YOUR CARD AGREEMENT CAREFULLY.  IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO A JURY AND THE RIGHT TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING.  IN ARBITRATION, A DISPUTE IS RESOLVED BY A NEUTRAL ARBITRATOR INSTEAD OF A JUDGE OR JURY.  ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT. IN ARBITRATION, YOU MAY CHOOSE TO HAVE A HEARING AND BE REPRESENTED BY COUNSEL.
>
> **Agreement to Arbitrate:** You and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us (all of which are called "Claims"), be submitted to mandatory, binding arbitration. This Arbitration Agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by, and enforceable under, the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 et seq., and (to the extent State law is applicable), the State law governing this Agreement.
>
> **Claims Covered:** Claims subject to arbitration include, but are not limited to, disputes relating to the establishment, terms, treatment, operation, handling, limitations on or termination of your account; any disclosures or other documents or communications relating to your account; any transactions or attempted transactions involving your account, whether authorized or not; billing, billing errors, credit reporting, the posting of transactions, payment or credits, or collections matters relating to your account;

2

> services or benefits programs relating to your account, whether or not they are offered, introduced, sold or provided by us; advertisements, promotions, or oral or written statements related to (or preceding the opening of) your account, goods or services financed under your account, or the terms of financing; the application, enforceability or interpretation of this Agreement, including this arbitration provision; and any other matters relating to your account, a prior related account or the resulting relationships between you and us. Any questions about what Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced.

As the arbitration provision states, either party may compel arbitration for any dispute relating to the handing of the Account including any communication, credit reporting, or collection of the account. Plaintiff activated her Visa credit card ending in 9910 on or about March 24, 2015. She made charges to the credit card. Plaintiff accepted the terms and conditions by requesting, receiving, and signing her credit card, as well as by charging purchases to the card, as described in the Cardholder Agreement and Notice. Plaintiff's claims here pertain to her credit report. Credit One thus argues that it has the right to compel arbitration of her claims.

**II.     Discussion**

The Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("FAA"), provides that written contracts to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This strong language manifests a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *see also Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015). Thus, courts are directed to "rigorously enforce agreements to arbitrate." *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (internal quotation marks

3

omitted) (citation omitted). Under the FAA, a court must, upon motion by a party, stay or dismiss any proceeding and compel arbitration if an issue in controversy is covered by a valid arbitration agreement. *See* 9 U.S.C. §§ 3, 4; *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) ("§ 3 requires courts to stay litigation of arbitral claims pending arbitration . . . § 4 requires courts to compel arbitration 'in accordance with the terms of the agreement.'"). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 24-25 (1983). A motion to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986).

Here, plaintiff's complaint appears to fall squarely within the scope of the parties' arbitration agreement. She accepted the terms of the Cardholder Agreement by requesting, receiving, signing, and using her credit card. The Agreement permits either party to compel arbitration of a dispute regarding credit reporting, and this matter involves plaintiff's credit report. Critically, no party objected to Credit One's motion to compel arbitration.

Remaining for discussion is whether this matter should be dismissed or stayed pending arbitration. Defendant Credit One states that the entire controversy between it and plaintiff may be resolved by arbitration, so it argues dismissal is appropriate, relying on *Green v. Super Shuttle Intern., Inc.*, 653 F.3d 766, 769 (8th Cir. 2011). The case upon which defendant relies however, noted that the "FAA generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." *Id.* (citing 9

4

U.S.C. § 3, which states district courts "shall ... stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement"). And the Eighth Circuit actually reversed the district court's dismissal in *Green*, noting that it was not clear all of the contested issues between the parties would be resolved. *Id.* This Court concludes that the same is true here. Plaintiff has named both Experian and Credit One as defendants in this matter. Experian answered the complaint, denying plaintiff's claims and setting forth affirmative defenses, but it did not file a response to the motion to compel arbitration.

There being no input from defendant Experian, the Court will order the parties to advise the court as to whether stay should be as to Credit One or against both defendants where it is apparent that the arbitration agreement does not apply to the co-defendant Experian. *But see Zean v. Comcast Broadband Sec., LLC*, 322 F. Supp. 3d 913, 920 (D. Minn. 2018) (citing *CD Partners v. Grizzle*, 424 F.3d 795, 798 (8th Cir. 2005)) (non-signatory to arbitration agreement may enforce arbitration agreement).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Credit One's motion to compel arbitration (#16) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties should file memoranda advising the Court whether the case should be stayed only as to defendant Credit One or as to both defendants no later than April 15, 2021.

Dated this 31st day of March, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE